1

2                                                                    O

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11   Helene V. Galen, as Trustee )   CV 09-4738 RSWL (SHx)
     for the Louis J. Galen       )
12   Revocable Trust of 1983,     )
     Udt Dated May 23, 1983,      )
13                                 )   ORDER Re: Plaintiff's
                                   )   Motion for Summary
                      Plaintiff,   )   Judgment **[11]** and
14                                 )   Defendant's Motion for
              v.                   )   Summary Judgment **[15]**
15                                 )
                                   )
16   Avenue of the Stars          )
     Associates, LLC,              )
17                                 )
                                   )
18   _____Defendant._)

19        Plaintiff Helene V. Galen filed her Motion for

20   Summary Judgment [11] on July 1, 2010. Defendant Avenue

21   of the Stars Associates, LLC filed its Motion for

22   Summary Judgment [15] on July 26, 2010. Both matters

23   were originally set for hearing on August 23, 2010.

24   Having taken both matters under submission on August

25   20, 2010, and having reviewed all papers submitted

26   pertaining to these motions, the Court **NOW FINDS AND**

27   **RULES AS FOLLOWS**:

28        The Court hereby **DENIES** Plaintiff's Motion for

                              1

Summary Judgment in its entirety. With regard to the Defendant, the Court **DENIES IN PART AND GRANTS IN PART** Defendant's Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the opposing party. <u>Diaz v. American Tel. & Tel.</u>, 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).

Plaintiff asserts four grounds for Summary Judgment based on her Complaint: (1) regarding the Second Claim for Rescission, Defendant allegedly violated the federal Interstate Land Sales Full Disclosure Act (hereinafter, "ILSA") by failing to provide Plaintiff with a valid Property Report before she signed the Purchase and Sale Agreement (hereinafter, "Agreement"); (2) regarding the Third Claim for Rescission, Defendant allegedly violated the ILSA by failing to include a required disclosure in the Agreement; (3) regarding the Fourth Claim for Rescission, Defendant allegedly violated the California Subdivided Lands Act (hereinafter, "SLA") by failing to provide a valid Property Report and by failing to secure a signed Property Report Receipt before Plaintiff signed

1 the Agreement; and (4) regarding the Seventh Claim for

2 Declaratory Relief, Defendant's alleged violation of the

3 ILSA and the SLA entitles Plaintiff to the return of her

4 deposit, with interest.

5     1. <u>Second Claim for Relief for Rescission</u>

6     The Court **DENIES** Summary Judgment for Plaintiff's

7 Second Claim for Rescission.  The ILSA prohibits the

8 sale or lease of any lot unless a printed property

9 report "has been furnished to the purchaser or lessee in

10 advance of the signing of any contract or agreement for

11 sale or lease by the purchaser or lessee".  15 U.S.C. §

12 1703(a)(1)(B).  Where the required property report "has

13 not been given to the purchaser or lessee in advance of

14 his or her signing such contract or agreement, such

15 contract or agreement may be revoked at the option of

16 the purchaser or lessee within two years from the date

17 of such signing . . ."  15 U.S.C. § 1703(c).

18     Plaintiff fails to meet the burden of proof for

19 Summary Judgment.  Plaintiff, as the moving party, must

20 show an "absence of evidence" to support the non-moving

21 party's case.  <u>Celotex v. Catrett</u>, 477 U.S. 317, 325

22 (1986). Plaintiff argues that the binder she received on

23 March 25, 2008, could not have included the most current

24 Property Report, which is dated March 28, 2008

25 (hereinafter, "March Property Report").  These facts

26 fail to refute Defendant's assertions that its staff

27 sent a subsequent package of materials that included the

28 March Property Report before Plaintiff signed the

1   Agreement.

2       Defendant also lacks evidence that proves it sent
3   Plaintiff the March Property Report.  But Defendant, as
4   the non-moving party has gone beyond the pleadings and
5   designated specific facts showing that there is a
6   genuine issue for trial.  <u>See</u> <u>Celotex</u>, 477 U.S. at 324.
7   In the instant case, the evidence demonstrates that a
8   genuine issue of fact remains such that a reasonable
9   fact-finder could return a verdict for the non-movant.
10  <u>See</u> <u>Anderson</u>, 477 U.S. at 248.

11          2.   <u>Third Claim for Relief for Rescission</u>

12      The Court **DENIES** Plaintiff's Third Claim for Relief
13  for Rescission.  The ILSA gives the purchaser additional
14  grounds for revocation of a nonexempt contract or
15  agreement pursuant to 15 U.S.C. § 1703(d)(3).  <u>See</u> 15
16  U.S.C. § 1703(d)(3).  Although Defendant undisputably
17  did not include the breach of contract provision under
18  15 U.S.C. § 1703(d), the section merely requires that
19  the Agreement "provide" for the terms as specified under
20  the section.  15 U.S.C. § 1703(d).  In the Agreement
21  signed by Plaintiff, Defendant meets this requirement by
22  complying with Cal. Civ. Code § 1675.

23      Since both 15 U.S.C. § 1703(d) and Cal. Civ. Code §
24  1675 address the issue of how much of the buyer's
25  payment constitutes liquidated damages to the seller
26  should the buyer fail to complete the purchase of the
27  property, Defendant does not need to include both
28  statutory provisions in the Agreement.  <u>See</u> 15 U.S.C. §

1  1703(d); Cal. Civ. Code § 1675.   Furthermore, as

2  California law mandates that "any contractual provision

3  which calls for disbursement or a charge against

4  Purchase Money based on Buyer's alleged failure to

5  complete the purchase of the subdivision . . . <u>must</u>

6  conform with Civil Code Sections 1675 . . .," Defendant

7  properly followed the more stringent requirements of

8  Cal. Civ. Code § 1675 in drafting the Agreement's

9  liquidated damages provision.   Cal. Code of Regs. §

10  2791(c)(1) (emphasis added).

11       3.   <u>Fourth Claim for Relief for Rescission</u>

12       The Court also **DENIES** Plaintiff's Fourth Claim for

13  Rescission based on whether Defendant provided a valid

14  Property Report and secured a Property Report Receipt.

15       The SLA also requires a copy of the property report

16  be given to the prospective purchaser "prior to the

17  execution of a binding contract or agreement for the

18  sale or lease of any lot or parcel in a subdivision."

19  Cal. Bus. & Prof. Code § 11018.1.   As stated above,

20  Plaintiff's evidence does not unequivocally demonstrate

21  that Defendant failed to provide her with a valid

22  Property Report prior to her signing the Agreement.

23  Thus, the Court cannot reach Summary Judgment because a

24  genuine issue of fact remains such that a reasonable

25  fact-finder could return a verdict for the non-movant.

26  <u>See</u> <u>Anderson</u>, 477 U.S. at 248.

27       Second, the California Code of Regulations require

28  that a prospective purchaser "be given a copy of the

1   public report for which a receipt must be completed and
2   retained."  Cal. Code Regs. tit. 1, § 2795.1.  The use
3   of the term "prospective purchaser" in the Receipt's
4   terms does not establish that Defendant violated the
5   SLA.  The Receipt clearly provides for situations such
6   as the one at hand, where a "prospective purchaser" has
7   signed a purchase and sale agreement but has yet to
8   close escrow.  The Receipt's language acknowledges that
9   the Receipt's signatory may have already signed a
10  purchase and sale agreement based on a conditional
11  property report, and subsequently may be signing the
12  Receipt for a final property report.  Thus, Defendant
13  did not violate the SLA by obtaining Plaintiff's
14  signature for the Receipt after Plaintiff signed the
15  Agreement.

16      While the Court finds that the use of the term
17  "prospective purchaser" in the Property Report Receipt's
18  language does not prove that the Receipt must be signed
19  before the purchaser signs a purchase and sale
20  agreement, genuine issues of material fact still exist
21  as to whether Defendant provided Plaintiff a valid
22  Property Report before she signed the Purchase and Sale
23  Agreement.

24      4.  <u>Seventh Claim for Declaratory Relief</u>

25      Accordingly, as the Court **DENIES** Summary Judgment
26  for Plaintiff's claims under the ILSA and the SLA, the
27  Court also **DENIES** Summary Judgment for Plaintiff's
28  Seventh Claim for Declaratory Relief.

1    With regard to Defendant's Motion, Defendant
2 asserts six grounds for Summary Judgment: (1) As to
3 Plaintiff's claim for Damages and Rescission, Defendant
4 asserts that it is exempt from ILSA under the "100 Lot
5 Exemption" and, even if not exempt, that Plaintiff
6 cannot meet her burden of proving that Defendant
7 violated ILSA by failing to provide her with the most
8 current Property Report before she signed the Purchase
9 and Sale Agreement; (2) as to Plaintiff's claim for
10 Rescission under ILSA, Plaintiff cannot meet her burden
11 in proving that Defendant violated ILSA by failing to
12 include specific language in the Agreement's liquidated
13 damages clause; (3) as to Plaintiff's claim for
14 Rescission under SLA, the Act does not require that
15 Defendant provide the most current copy of the Property
16 Report and secure a signed Receipt for the Property
17 Report; (4) as to Plaintiff's claim for Unfair
18 Competition, Defendant complied with ILSA and SLA and
19 there is no statutory authority justifying such claim;
20 (5) as to Plaintiff's claim for Constructive Trust,
21 Defendant complied with ILSA and the SLA and there is no
22 grounds to grant restitution or injunctive relief; and
23 (6) as to Plaintiff's claim for declaratory relief,
24 Defendant did not violate ILSA or the SLA and there is
25 no basis by which Plaintiff can rescind the contract.
26    As an initial matter, the Court has determined that
27 the Defendant does not qualify for the "100 Lot
28 Exemption" and is therefore not exempt from the ILSA

1    requirements. The policy behind ILSA is to protect
2    consumers and ensure that prior to purchasing certain
3    types of real estate, a buyer is apprised of the
4    information needed to make an informed decision. As
5    such, the Court finds that the applicability of the
6    exemption has to be contemporaneous with the sale of a
7    particular lot and not at some point after the signing
8    of the contract.

9         1. <u>Plaintiff's First and Second Causes of Action</u>
10           <u>for Damages and Rescission Under ISLA</u>

11        The Court **DENIES** Defendant's Motion for Summary
12   Judgment on the first and second causes of action for
13   Damages and Rescission for violations of the Interstate
14   Land Sales Full Disclosure Act. Genuine issues of
15   material fact still exist as to whether Defendant
16   violated the Interstate Land Sales Full Disclosure Act.
17   Based on the facts presented, the Court cannot determine
18   whether Plaintiff received the Property Report amended
19   on March 28, 2008 before she signed the Purchase and
20   Sale Agreement.

21        Additionally, the Court finds that a developer is
22   required to give a prospective buyer a copy of a
23   property report that is in effect prior to buyer's
24   execution of the purchase agreement. Therefore, it is
25   whether Plaintiff was in actual receipt of the March 28
26   Report as opposed to the December 17 Report that is
27   controlling on the issue of whether Defendant violated
28   ISLA.

1        2.  <u>Plaintiff's Third Cause of Action for Rescission</u>

2        <u>Under ISLA Regarding Liquidated Damages Clause</u>

3        With regard to Defendant's Motion for Summary

4   Judgment on the third cause of action for Rescission,

5   the Court **GRANTS** Summary Judgment because Defendant

6   meets the liquidated damages terms mandated under 15

7   U.S.C. § 1703(d)(3) by using the breach of contract

8   language in Cal. Civ. Code § 1675.

9        While Defendant undisputably did not include the

10  breach of contract provision under 15 U.S.C. § 1703(d),

11  the section merely requires that the Agreement "provide"

12  for the terms as specified under the section.  15 U.S.C.

13  § 1703(d).  In the Agreement signed by Plaintiff,

14  Defendant meets this requirement by complying with Cal.

15  Civ. Code § 1675.

16       3.  <u>Plaintiff's Fourth Cause of Action for</u>

17       <u>Rescission Under the California Subdivided Lands</u>

18       <u>Act</u>

19       The Court **DENIES** Defendant's Motion for Summary

20  Judgment on the fourth cause of action for Rescission

21  under the California Subdivided Lands Act. While the

22  Court finds that the use of the term "prospective

23  purchaser" in the Property Report Receipt's language

24  does not prove that the Receipt must be signed before

25  the purchaser signs a purchase and sale agreement,

26  genuine issues of material fact still exist as to

27  whether Defendant provided Plaintiff a valid Property

28  Report before she signed the Purchase and Sale

1  Agreement.

2       4. <u>Plaintiff's Fifth Cause of Action for Unfair</u>

3       <u>Competition</u>

4       The court **DENIES** Defendant's Motion for Summary

5  Judgment on the fifth cause of action for Unfair

6  Competition. Genuine issues of material fact still exist

7  as to whether Defendant failed to provide Plaintiff with

8  a valid Property Report before she signed the Purchase

9  and Sale Agreement, in violation of ILSA and the SLA.

10      5. <u>Plaintiff's Sixth Cause of Action for</u>

11      <u>Constructive Trust</u>

12      The court **DENIES** Defendant's Motion for Summary

13  Judgment on the sixth cause of action for Constructive

14  Trust. Genuine issues of material fact still exist as to

15  whether Defendant failed to provide Plaintiff with a

16  valid Property Report before she signed the Purchase and

17  Sale Agreement, in violation of ILSA and the SLA

18      6. <u>Plaintiff's Seventh Cause of Action for</u>

19      <u>Declaratory Relief</u>

20      Since the Court has **DENIED** Summary Judgment on six

21  out of the seven preceding claims under the ILSA and the

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

10

SLA, the Court also **DENIES** Summary Judgment on
Defendant's Claim for Declaratory Relief.

DATED: August 24,2010
**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge