O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helene V. Galen, as Trustee for the Louis J. Galen Revocable Trust of 1983, Udt Dated May 23, 1983,<br><br>          Plaintiff,<br><br>     v.<br><br>Avenue of the Stars Associates, LLC,<br><br>          Defendant. | CV 09-4738 RSWL (SHx)<br><br>**ORDER Re: Defendant's Motions *in Limine* [41][42][43][44] and Plaintiff's Motions *in Limine* [46][47][48][49]** |

Defendant Avenue of the Stars Associates, LLC filed its Motions *in Limine* [41] [42] [43] [44] on October 04, 2010.  Plaintiff Helene V. Galen filed her Motions *in Limine* [46] [47] [48] [49] on October 05, 2010. Both matters were originally set for hearing on January 04, 2011.  Having taken both matters under submission on December 27, 2010, and having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:**

///

**I. Defendant's Motions *in Limine***

    1. Defendant's Motion *in Limine* No. 1 To Exclude Trial Testimony By Any Witness Identified By Plaintiff After The Discovery Cut-Off Date Had Passed Including, But Not Limited To, The Testimony Of Bill Pham, Corazon Canamaso, And Ethel Concepcion

      A. Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(I) states, in relevant part:

> [A] party must, without awaiting a discovery
> request, provide to the other parties: (I)
> the name and, if known, the address and
> telephone number of each individual likely
> to have discoverable information -- along
> with the subjects of that information --
> that the disclosing party may use to support
> its claims or defenses, unless the use would
> be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(I).

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Under Federal Rule of Civil Procedure 37(c)(1), the party facing sanctions

therefore has the burden of showing that a failure to comply with Federal Rule of Civil Procedure 26 was "substantially justified or harmless." <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1107 (9th Cir. 2001).   The District Courts have broad discretion in imposing discovery sanctions under Federal Rule of Civil Procedure 37.   <u>Ritchie v. United States</u>, 451 F.3d 1019, 1026 (9th Cir. 2006).

### B. Analysis

The Court **DENIES** Defendant's Motion *in Limine* No. 1 to exclude trial testimony by any witness identified by Plaintiff after the discovery cut-off date had passed, including the testimony of Bill Pham, Corazon Canamaso, and Ethel Concepcion ("New Witnesses").   However, the Court finds that this ruling pertains only to the trial testimony of Bill Pham, Corazon Canamaso, and Ethel Concepcion and not to any other witnesses identified by Plaintiff after the discovery cut-off date had passed.

The Court finds that the prejudice to the Defendant from the late disclosure of the New Witnesses is not so severe as to warrant exclusion.   While certainly late and past the discovery deadline, Plaintiff did serve Defendant with supplemental disclosures to inform Defendant about the New Witnesses two months before the original trial date.   Moreover, the Defendant has been on notice with regard to the scope of Bill Pham's testimony because Bill Pham previously submitted to this Court a detailed Declaration in support of

1  Plaintiff's Opposition to Defendant's Motion for

2  Summary Judgment.   Thus, the scope of Bill Pham's

3  testimony has been known to the Defendant, and would

4  not constitute a surprise.   Additionally, Bill Pham's

5  Declaration submitted to this Court in support of

6  Plaintiff's Opposition to Defendant's Motion for

7  Summary Judgment sets forth the scope of his

8  conversations and discussions with both Corazon

9  Canamaso and Ethel Concepcion.

10       Accordingly, the Court **DENIES** Defendant's Motion *in*

11  *Limine* No. 1 to exclude at Trial testimony by Bill

12  Pham, Corazon Canamaso, and Ethel Concepcion.

13       2. Defendant's Motion *in Limine* No. 2 To Exclude

14       Trial Testimony By Robert Gilmore

15            A. Legal Standard

16       Federal Rule of Civil Procedure, Rule 56(g) states,

17  in relevant part:

18       If the court does not grant all the relief

19       requested by the motion, it may enter an order

20       stating any material fact—including an item of

21       damages or other relief—that is not genuinely in

22       dispute and treating the fact as established in the

23       case.

24  Fed. R. Civ. P. 56 (g).

25       Federal Rule of Evidence 401 defines relevant

26  evidence, stating that, "[r]elevant evidence means

27  evidence having any tendency to make the existence of

28  any fact that is of consequence to the determination of

4

the action more probable than it would be without the
evidence." Fed. R. Evid. 401. Federal Rule of
Evidence 402 provides that all irrelevant evidence is
not admissible. Fed. R. Evid. 402.

B. Analysis

The Court **GRANTS** Defendant's Motion *in Limine* No. 2
to exclude the trial testimony of Robert Gilmore.

Robert Gilmore is the Subdivision District Manager
in the Los Angeles Office of the California Department
of Real Estate ("DRE"). Plaintiff stated that she
anticipated that Robert Gilmore would testify regarding
the DRE's interpretation of the requirements and
obligations imposed upon the sellers of lots by the
California Subdivided Lands Act ("CSLA").
Specifically, Plaintiff designated Robert Gilmore as an
expert witness to testify about the issue of whether
the DRE interprets the CSLA as requiring that a
prospective buyer must be provided with a receipt for
the current public report and sign that receipt before
signing a purchase agreement.

On August 24, 2010, the Court issued an Order [29],
with regard to both Plaintiff's and Defendant's Motions
for Summary Judgment [11, 15], finding that the
Defendant did not violate the CSLA by obtaining
Plaintiff's signature on the Receipt after Plaintiff
signed the Agreement. As such, Plaintiff has informed
the Court that she will not pursue her theory of
liability that Defendant violated the CSLA by failing

5

1   to obtain a signed Receipt from Plaintiff before
2   Plaintiff signed the Purchase Agreement.

3       Therefore, because the issue on which Robert
4   Gilmore was expected to testify has already been ruled
5   on by this Court, and because it appears that neither
6   party will pursue this issue at Trial, the Court **GRANTS**
7   Defendant's Motion *in Limine* No. 2 to exclude the trial
8   testimony of Robert Gilmore.

9       <u>3. Defendant's Motion *in Limine* No. 3 To Exclude</u>
10      <u>The Trial Testimony Of Bill Pham Regarding His</u>
11      <u>Review Of The Documents Provided To Him By</u>
12      <u>Plaintiff And His Investigation As To Whether She</u>
13      <u>Was Provided With The March Property Report Before</u>
14      <u>She Signed The Purchase Agreement</u>

15          <u>A. Legal Standard</u>

16      Federal Rule of Evidence 401 defines relevant
17  evidence, stating that, "[r]elevant evidence means
18  evidence having any tendency to make the existence of
19  any fact that is of consequence to the determination of
20  the action more probable than it would be without the
21  evidence."  Fed. R. Evid. 401.  Federal Rule of
22  Evidence 402 provides that all irrelevant evidence is
23  not admissible. Fed. R. Evid. 402.

24      Under Federal Rule of Evidence 403, even relevant
25  evidence may be excluded if its probative value is
26  substantially outweighed by the danger of unfair
27  prejudice. Fed. R. Evid. 403.  Moreover, under Federal
28  Rule of Evidence 602, a witness may not testify to a

matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602.

### B. Analysis

The Court **DENIES** Defendant's Motion *in Limine* No. 3 to exclude the trial testimony of Bill Pham regarding his review of the documents provided to him by Plaintiff and his investigation as to whether Plaintiff was provided with the March Property Report before she signed the Purchase Agreement.  The Court finds that Bill Pham's testimony would be directly relevant to the ultimate issue in this case of whether Plaintiff was given the March 28, 2008 Property Report.  However, the Court notes that Bill Pham's testimony will still be subject to evidentiary objections that may be raised by the Defendant at Trial.

### 4. Defendant's Motion *in Limine* No. 4 To Exclude Evidence Or Argument That Defendant Was Required To Have Plaintiff Sign The Receipt For The March 28, 2008 Public Report Before Signing The Purchase Agreement

#### A. Legal Standard

Federal Rule of Civil Procedure, Rule 56(g) states, in relevant part:

If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in

dispute and treating the fact as established in the
case.

Fed. R. Civ. P. 56 (g).

Federal Rule of Evidence 401 defines relevant
evidence, stating that, "[r]elevant evidence means
evidence having any tendency to make the existence of
any fact that is of consequence to the determination of
the action more probable than it would be without the
evidence."  Fed. R. Evid. 401.  Federal Rule of
Evidence 402 provides that all irrelevant evidence is
not admissible. Fed. R. Evid. 402.

### B. Analysis

The Court **GRANTS** Defendant's Motion *in Limine* No. 4
to exclude evidence or argument that Defendant was
required to have Plaintiff sign the Receipt for the
March 28, 2008 Public Report before signing the
Purchase Agreement.

The Court has already addressed, as a legal matter,
the issue of whether the Defendant had to have obtained
a receipt for the March Property Report prior to the
time that Plaintiff signed the Purchase Agreement.  In
its August 24, 2010 Order [29], the Court found that
the Defendant did not violate the CSLA by obtaining
Plaintiff's signature on the Receipt after Plaintiff
signed the Agreement.  Specifically, the Court reasoned
that the Receipt's language acknowledges that the
Receipt's signatory may have already signed a purchase
agreement based on a conditional property report, and

subsequently may be signing the Receipt for a final property report.

Accordingly, the Court **GRANTS** Defendant's Motion *in Limine* No. 4 to exclude evidence or argument that Defendant was required to have Plaintiff sign the Receipt for the March 28, 2008 Public Report before signing the Purchase Agreement.

**II. Plaintiff's Motions *in Limine***

1. Plaintiff's Motion *in Limine* No. 1 To Preclude Defendant From Presenting Any Evidence Or Argument Relating To The "100 Lot Exemption"

A. Legal Standard

Federal Rule of Civil Procedure, Rule 56(g) states, in relevant part:

If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

Fed. R. Civ. P. 56 (g).

B. Analysis

Plaintiff argues that the Court's August 24, 2010 Order [29] establishes that Defendant fails to qualify for the "100 Lot Exemption." Therefore, Plaintiff contends that there is no reason for Defendant to present any evidence or argument on this issue at Trial.   The Court **GRANTS** Plaintiff Galen's Motion *in*

*Limine* No. 1 to Preclude Defendant from Presenting Any Evidence or Argument Relating to the "100 Lot Exemption."

The Court finds that its August 24, 2010 Order [29] established that Defendant failed to qualify for the "100 Lot Exemption."  Therefore, pursuant to Federal Rule of Civil Procedure 56(g)[1], this fact should be treated as established.  Accordingly, the Court **GRANTS** Plaintiff's Motion *in Limine* No. 1 to preclude Defendant from presenting any evidence or argument relating to the "100 Lot Exemption."

<u>2. Plaintiff's Motion *in Limine* No. 2 To Preclude Defendant From Presenting Any Evidence Or Argument That It Purportedly Complied With The ISLA And CSLA By Providing Plaintiff With The Expired December 17, 2007 Property Report</u>

<u>A. Legal Standard</u>

Federal Rule of Civil Procedure, Rule 56(g) states, in relevant part:

If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in

_____

[1] The Federal Rules of Civil Procedure were amended on December 01, 2010, subsequent to Plaintiff filing the instant Motion.  As such, the Plaintiff relied on Federal Rule of Civil Procedure 56(d), which has now been recodified as Federal Rule of Civil Procedure 56(g).

1  dispute and treating the fact as established in the

2  case.

3  Fed. R. Civ. P. 56 (g).

4     B. Analysis

5     The Court **GRANTS** Plaintiff's Motion *in Limine* No. 2

6  to preclude Defendant from presenting any evidence or

7  argument that it purportedly complied with the ILSA and

8  CSLA by providing Plaintiff with the expired December

9  17, 2007 Property Report.

10     The Court has already addressed, as a legal matter,

11  the issue of whether an expired property report can

12  still suffice as complying with the Interstate Land

13  Sales Full Disclosure Act ("ILSA") and CSLA in its

14  August 24, 2010 Order [29].  The Court found that

15  Plaintiff's receipt of the December 17, 2007 Property

16  Report was insufficient to constitute compliance with

17  the ILSA and CSLA.  Specifically, the Court found that

18  it was whether Plaintiff was in actual receipt of the

19  March 28, 2008 Property Report as opposed to the

20  December 17, 2007 Property Report that is controlling

21  on the issue of whether Defendant violated the ISLA.

22     Accordingly, the Court **GRANTS** Plaintiff's Motion *in*

23  *Limine* No. 2 to preclude Defendant from presenting any

24  evidence or argument that it purportedly complied with

25  the ILSA and CSLA by providing Plaintiff with the

26  expired December 17, 2007 Property Report.

27     3. Plaintiff's Motion *in Limine* No. 3 To Exclude

28     Any Evidence Or Argument That Defendant's Alleged

11

1    <u>Violation Of The ISLA And CSLA Is Excused Because</u>
2    <u>The Plaintiff Purportedly Was Not "Defrauded" Or</u>
3    <u>Because Plaintiff Purportedly Has Buyer's Remorse</u>
4         <u>A. Legal Standard</u>
5         Federal Rule of Evidence 401 defines relevant
6    evidence, stating that, "[r]elevant evidence means
7    evidence having any tendency to make the existence of
8    any fact that is of consequence to the determination of
9    the action more probable than it would be without the
10   evidence."  Fed. R. Evid. 401.  Federal Rule of
11   Evidence 402 provides that all irrelevant evidence is
12   not admissible. Fed. R. Evid. 402.
13        <u>B. Analysis</u>
14        The Court **GRANTS IN PART AND DENIES IN PART**
15   Plaintiff's Motion *in Limine* No. 3.  The Court **GRANTS**
16   Plaintiff's Motion *in Limine* No. 3 with regard to any
17   evidence or argument that Defendant's violation of the
18   ISLA and CSLA is excused because Plaintiff was not
19   purportedly misled or defrauded.  However, Plaintiff's
20   Motion *in Limine* No. 3 is **DENIED** with regard to
21   evidence or argument that Plaintiff's purported motive
22   or reason for seeking to rescind the Purchase Agreement
23   is due to buyer's remorse or a change in market
24   conditions.
25        Defendant has not objected to or opposed
26   Plaintiff's request that this Court exclude any
27   evidence or argument that Defendant's violation of the
28   ILSA and CSLA is excused because Plaintiff was not

misled or defrauded.  Accordingly, the Court **GRANTS** Plaintiff's Motion *in Limine* No. 3 to exclude any evidence or argument that Defendant's violation of the ISLA and CSLA is excused because Plaintiff was not purportedly misled or defrauded.

With respect to evidence or argument that Plaintiff's purported motive or reason for seeking to rescind the Purchase Agreement is due to buyer's remorse or a change in market conditions, the Court **DENIES** Plaintiff's Motion *in Limine* No. 3.  At Trial, the Court will be asked to decide whether Plaintiff received the March 28, 2008 Report. In order to rescind the Agreement under ILSA or CLSA, Plaintiff has the burden of proving that she did not. The Court finds that Plaintiff's motivation for bringing this Action is relevant to her credibility and the Court's determination of the ultimate issue in this case of whether she received the March 28, 2008 Report.

Accordingly, the Court **DENIES** Plaintiff's Motion *in Limine* No. 3 to exclude evidence or argument that Plaintiff's purported motive or reason for seeking to rescind the Purchase Agreement is due to buyer's remorse or a change in market conditions.

4. Plaintiff's Motion *in Limine* No. 4 To Exclude The Testimony Of Erica Llanos

A. Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(I) states, in relevant part:

1       [A] party must, without awaiting a discovery
2       request, provide to the other parties: (I)
3       the name and, if known, the address and
4       telephone number of each individual likely
5       to have discoverable information -- along
6       with the subjects of that information --
7       that the disclosing party may use to support
8       its claims or defenses, unless the use would
9       be solely for impeachment.
10  Fed. R. Civ. P. 26(a)(1)(A)(I).
11      Federal Rule of Civil Procedure 37(c)(1) states
12  that if a party fails to provide information or
13  identify a witness as required by Rule 26(a), "the
14  party is not allowed to use that information or witness
15  to supply evidence ... at a trial, unless the failure
16  was substantially justified or is harmless."  Fed. R.
17  Civ. P. 37(c)(1).  Under Federal Rule of Civil
18  Procedure 37(c)(1), the party facing sanctions
19  therefore has the burden of showing that a failure to
20  comply with Federal Rule of Civil Procedure 26 was
21  "substantially justified or harmless."  Yeti by Molly,
22  Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th
23  Cir. 2001).  The District Courts have broad discretion
24  in imposing discovery sanctions under Federal Rule of
25  Civil Procedure 37.  Ritchie v. United States, 451 F.3d
26  1019, 1026 (9th Cir. 2006).
27         B. Analysis
28      The Court **DENIES** Plaintiff's Motion *in Limine* No. 4

to exclude the testimony of Erica Llanos. The Court
finds that Defendant has substantially justified its
failure to timely supplement its initial disclosures.
Defendant's counsel received Ms. Llanos' contact
information on July 09, 2010, about a week after the
discovery cut-off date of June 30, 2010. [See
Declaration of Alicia Vaz ("Vaz Decl."), ¶¶ 7, 10.]
Within twenty days of receipt of this information,
Defendant filed its supplemental disclosures providing
Plaintiff with Ms. Llanos' phone number and email
address. [Id. at ¶ 17.]

     Federal Rule of Civil Procedure 26 does not require
a party to provide contact information for a witness it
has disclosed when it does not have that information.
See Fed. R. Civ. P. 26 (a)(1)(A)(I). Defendant has
informed the Court that it has provided all of the
information that it has about Ms. Llanos and her
whereabouts to Plaintiff, including an email address
and telephone number in its supplemental disclosures.
[Vaz Decl., ¶¶ 3-5, 16-18.] Accordingly, the Court
**DENIES** Plaintiff's Motion *in Limine* No. 4 to exclude
the testimony of Erica Llanos.


DATED: March 1, 2011
**IT IS SO ORDERED.**

                         RONALD S.W. LEW
                    _____
                    **HONORABLE RONALD S.W. LEW**
                    Senior, U.S. District Court Judge